O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OAKLEY, INC., and JAMES JANNARD, | ) ) ) | Case No. CV 09-07666 DDP (RNBx) |
| Plaintiffs, | ) ) | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR A PERMANENT INJUNCTION** |
| v. | ) ) | [Docket No. 90] |
| SEAN McWILLIAMS, | ) ) | |
| Defendant. | ) ) ) | |

Presently before the court is Plaintiffs' Motion for Permanent Injunction and Dismissal Following Summary Judgment ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants Plaintiffs' request to enjoin Defendant's conduct <u>not</u> involving speech, and adopts the following Order. The court addresses and denies Plaintiffs' request to enjoin Defendant's speech in a separate Order.

**I. BACKGROUND**

Prior to 2006, Defendant Sean McWilliams ("McWilliams") worked as a consultant for a sunglasses company. In 2006, Plaintiff Oakley, Inc. ("Oakley") acquired the company. At the time, Oakley

and its founder, Plaintiff James Jannard ("Jannard"), had no knowledge or awareness of McWilliams.  McWilliams, however, soon began sending harassing emails to Oakley and Jannard's employees, associates, business partners, and industry personnel.  McWilliams claims that he also sent emails to law enforcement agencies, such as the Department of Justice and the Federal Bureau of Investigations.

In the emails, McWilliams makes statements attacking Plaintiffs' character and accusing them of criminal activity.  McWilliams accuses Oakley of sponsoring charity fraud, being part of a price fixing cartel, and hiring "Blackwater thugs" to intimidate him.  McWilliams accuses Jannard of being a criminal and cheating on his wife.  Some of the emails include pornographic images of McWilliams, which he claims Oakley and Jannard created.  According to Plaintiffs, McWilliams also uses various email accounts to represent himself as Jannard, Oakley, or other industry actors.  In at least one instance, McWilliams allegedly pretended to be Jannard posing as McWilliams, then made death threats to the President of the United States.

In its prior Summary Judgment Order, the court found that McWilliams intentionally published false facts that damaged Plaintiffs' character and reputation.  The court also found that Plaintiffs were not public figures and rejected McWilliams' claim that the statements were privileged.  Plaintiffs still have pending claims against McWilliams for fraud, publication of facts placing in false light, and intentional infliction of emotional distress.

///

///

**II.  DISCUSSION**

Plaintiffs now ask the court to permanently enjoin McWilliams from continuing to engage in certain activities.  Specifically, Plaintiffs seek to enjoin McWilliams from:

> (a) initiating contact with Jannard, Oakley, or their parent, subsidiary, and affiliated companies or brands for purposes of harassing them;
>
> . . .
>
> (c) posing as Jannard, Oakley, or their parent, subsidiary, or affiliated companies or brands, such as Luxottica, Oliver Peoples, Optical Shop of Aspen, Red, or Red Digital Cinema; and
>
> (d) adopting or using any email address or domain name with the name of Plaintiffs, their parent, subsidiary, or affiliated companies or brands.

**A.  Legal Standard**

For any permanent injunction, the moving party must show: "(1) that is has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

**B.  Analysis**

Unlike Plaintiffs' request for an injunction of McWilliams' speech, none of the provisions here implicate the First Amendment. Further, the court finds that Plaintiffs' proposed injunction meets the traditional requirements for a permanent injunction. McWilliams' communication with and impersonation of Plaintiffs and their associates continues to cause irreparable injury to

3

Plaintiffs' character and reputation that money damages cannot adequately compensate. In contrast to these significant hardships to Plaintiffs, it is no hardship to McWilliams or disservice to the public interest for McWilliams to refrain from contacting or posing as Plaintiffs or their associates.

The court therefore grants Plaintiffs' proposed injunction of McWilliams' conduct, with one modification: The injunction shall preclude McWilliams from initiating <u>any</u> contact with Plaintiffs or their associates, instead of only contact "for purposes of harassing them." The court sees no valid reason for McWilliams to initiate any such contact, and the "harassing" language is therefore unnecessary.

**III. CONCLUSION**

For all of these reasons, the court grants Plaintiffs' Motion for a Permanent Injunction with respect to Defendant's conduct <u>not</u> involving speech. Defendant is hereby permanently enjoined from:

1) initiating contact with Jannard, Oakley, or their parent, subsidiary, and affiliated companies or brands;

2) posing as Jannard, Oakley, or their parent, subsidiary, or affiliated companies or brands, such as Luxottica, Oliver Peoples, Optical Shop of Aspen, Red, or Red Digital Cinema; and

3) adopting or using any email address or domain name with the name of Plaintiffs, their parent, subsidiary, or affiliated companies or brands.

Willful failure to comply with the terms of this Order and injunction may subject Defendant to contempt proceedings, which may result in various sanctions, including incarceration.

IT IS SO ORDERED.

Dated: July 20, 2012

DEAN D. PREGERSON
United States District Judge

4